STATE OF CONNECTICUT *v.* ARTHUR ESPOSITO
(AC 23037)

Dranginis, Flynn and Bishop, Js.

Argued November 21, 2003—officially released January 20, 2004

*Damon A. R. Kirschbaum,* for the appellant (defendant).

*Margaret Gaffney Radionovas,* senior assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *John F. Fahey,* assistant state's attorney, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this criminal appeal from his conviction of sexual assault in the third degree, the defendant, Arthur Esposito, claims that (1) the evidence was insuf-

ficient for the jury to have found him guilty and (2) the trial court's instructions to the jury relieved the state of its burden of proving beyond a reasonable doubt an essential element of the offense. We affirm the judgment of the trial court.[1]

The jury reasonably could have found the following relevant facts. At approximately 4 a.m. on November 11, 2000, as the female victim was walking home, she encountered the defendant, whom she did not know. As he began to talk to her, she attempted to ignore him and continued on her way at a faster pace. The defendant then ran after the victim and grabbed her from behind. In doing so, he placed one hand on her breast and used his other hand to cover her mouth. The defendant then attempted to force the victim into a driveway between houses. To prevent her from crying out, he put his fingers in her mouth. The victim bit his fingers, causing him to let go and flee. Shortly thereafter, the defendant was apprehended.

I

The defendant first claims that the evidence was insufficient to convict him of sexual assault in the third degree. We review the defendant's sufficiency of the evidence claim by construing the evidence in the light most favorable to sustaining the verdict, and, in doing so, we determine whether, on the facts so construed and the inferences reasonably drawn, the jury reasonably could have concluded that the evidence established guilt beyond a reasonable doubt. *State* v. *Berger*, 249 Conn. 218, 224, 733 A.2d 156 (1999).

---

[1] At trial, the defendant was charged with kidnapping in the second degree in violation of General Statutes § 53a-94 (a), sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1) (A), assault of public safety personnel in violation of General Statutes § 53a-167c (a) (1) and interfering with an officer in violation of General Statutes § 53a-167a (a). Although the defendant was convicted of all charged offenses, he has challenged only his conviction on the sexual assault charge.

General Statutes § 53a-72a (a) provides in relevant part: "A person is guilty of sexual assault in the third degree when such person (1) compels another person to submit to sexual contact (A) by the use of force against such other person or a third person . . . ." The term "sexual contact," in turn, is defined in relevant part as "any contact with the intimate parts of a person not married to the actor for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person . . . ." General Statutes § 53a-65 (3). Although the defendant concedes for the purpose of this appeal that there was sufficient evidence to establish that he grabbed the victim's breast, he contends that the evidence legally was insufficient for the jury to have found that he did so for the purpose of sexual gratification or to degrade or to humiliate the victim. We disagree.

It is axiomatic that a jury may infer intent from behavior. As our Supreme Court previously has stated, it is difficult to prove intent because "direct evidence of the accused's state of mind is rarely available. . . . Therefore, intent is often inferred from conduct . . . and from the cumulative effect of the circumstantial evidence and the rational inferences drawn therefrom." (Internal quotation marks omitted.) *State* v. *DeCaro*, 252 Conn. 229, 239–40, 745 A.2d 800 (2000). In this instance, the record amply supports the jury's conclusion that after first trying to get the victim's attention by calling to her, and then chasing her, the defendant grabbed the victim by the breast while attempting to prevent her from calling out, either for the purpose of sexual gratification or to degrade or to humiliate her.

II

The defendant next claims that the court improperly instructed the jury on the element of intent in the offense of sexual assault in the third degree. Specifi-

cally, the defendant claims that the instruction was improper in that it relieved the state of its burden of proving specific intent beyond a reasonable doubt because the court implied that in order to prove that he intended to gratify himself sexually or to cause humiliation to the victim, the state merely had to prove that he grabbed the victim's breast. We are not persuaded.

At the outset, we note that the defendant did not raise his claim at trial and now seeks review under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).[2] He neither submitted a request to charge outlining the elements of the offense, nor excepted to the court's charge. Because the record is adequate for our review and the defendant's claim is of constitutional magnitude alleging the violation of a fundamental right, we will review his claim. See *State* v. *Williamson*, 206 Conn. 685, 708, 539 A.2d 561 (1988) ("[i]t is . . . constitutionally axiomatic that the jury be instructed on the essential elements of the crime charged").

"[U]nder . . . *Golding*, a defendant may prevail on an unpreserved constitutional claim of instructional error only if, considering the substance of the charge rather than the form of what was said, [i]t is reasonably possible that the jury was misled. . . . [A] jury instruction is constitutionally adequate if it provides the jurors with a clear understanding of the elements of the crime charged, and affords them proper guidance for their determination of whether those elements were pre-

---

[2] *Golding* held that a defendant may prevail on a constitutional claim unpreserved at trial only if all of the following conditions are met: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40.

sent." (Internal quotation marks omitted.) *State* v. *Ingram*, 73 Conn. App. 246, 251, 807 A.2d 1023 (2002). Here, the defendant cannot demonstrate that it was reasonably possible that the jury was misled by the court's instruction, as our careful review of the entire charge discloses that the court did, in fact, articulate and correctly charge on each essential element of the offense of sexual assault in the third degree, and the court did not, at any point in its instructions, suggest to the jurors that they could find "sexual contact," as statutorily defined, solely from the act of grabbing the victim's breast. We therefore conclude that the defendant has failed to establish that a constitutional violation clearly exists that clearly deprived him of a fair trial. Accordingly, his claims fails under *Golding*'s third prong.

The judgment is affirmed.